This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Benjamin Hamilton appeals the judgment of the Wadsworth Municipal Court denying his motion to suppress. This Court affirms.
 I.
On January 11, 1998, at approximately 12:10 a.m., Medina County Sheriff's Deputies Stupak and Hall responded to a complaint concerning a loud party at 323 Redfern Drive in Gloria Glens, Ohio. Upon their arrival, the officers noticed five cars in the driveway of the residence. The officers made no attempt to determine who owned those vehicles. Deputy Stupak heard voices emanating from the rear of the home. He then approached the rear of the house while Deputy Hall watched the front entrance. Upon reaching the rear entrance of the house, Deputy Stupak knocked and heard someone say: "Oh my God, police." He then observed a young male who appeared to be approximately thirteen years of age peer through a window and then disappear. Deputy Stupak then observed six or seven other individuals inside the residence who appeared to be under the age of twenty-one. Deputy Stupak also observed through a window a case of beer, a few empty bottles, and a few open bottles of beer on a counter. He knocked on the door again, and Hamilton responded and exited the residence to speak with the deputy.
Deputy Stupak asked Hamilton if his parents were home, and, upon being informed that they were not, he told Hamilton to "step aside" so he could enter the home. Hamilton asked Deputy Stupak if he had a search warrant and the officer informed Hamilton that he did not need a search warrant to enter the residence. Deputy Stupak then entered the house and seized the alcohol. Prior to entering the home, Deputy Stupak did not see anyone inside the home consuming what he believed to be alcohol, nor did he attempt to ascertain the identity or age of any of the individuals.
As a result of the events of January 11, 1998, Hamilton was charged with providing alcoholic beverages to an underage person in violation of R.C. 4301.69(B) and underage possession of alcohol in violation of R.C. 4301.632. On March 10, 1998, Hamilton moved to suppress the evidence based upon Deputy Stupak's warrantless entry into his home. After an oral hearing on Hamilton's motion, the trial court made numerous findings pertaining to the constitutionality of Deputy Stupak's actions. The trial court concluded that Deputy Stupak was in a place he was permitted to be and observed in plain view individuals he believed to be under the age of twenty-one in possession of alcohol. The trial court found that Deputy Stupak had probable cause to believe the crimes of underage consumption and underage possession of alcohol were being committed, thereby justifying the warrantless entry. The trial court further determined that, because the alcohol could have been disposed of, Deputy Stupak was justified in entering the home without a warrant due to the exigency of the circumstances. The trial court also found that Deputy Stupak had an obligation to enter the home and secure the alcohol in order to protect the underage individuals from drinking excessively, thereby creating a health risk to themselves. Finally, the trial court concluded that, based upon Deputy Stupak's observations, Deputy Stupak had probable cause to arrest Hamilton for underage possession and/or consumption of alcohol and, therefore, could have entered the home incident to arrest without a warrant had he made the arrest at that time. Based upon these findings, the trial court held that the warrantless entry was justified and denied the motion to suppress. Hamilton then entered a no contest plea to the charge of underage possession, was found guilty, and was sentenced accordingly. This appeal followed.
 II. Assignment of Error The unlawful search of Defendant's home constitutes a violation of Defendant's rights under the Fourteenth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution and the trial court erred as a matter of law in allowing into evidence the fruits obtained as the result of the unlawful search.
In his sole assignment of error, Hamilton argues that the trial court erred by denying his motion to suppress because the deputy's warrantless entry into his home violated his constitutional rights. This Court disagrees.
The decision to grant or deny a motion to suppress involves a question of law. As such, this Court will review the trial court's judgment granting or denying such motion de novo. Statev. Russell (Apr. 29, 1998), Summit App. Nos. 18206, 18207, unreported; see, also, Ornelas v. United States (1996),517 U.S. 690, 699, 134 L.Ed.2d 911, 920. As stated in Russell, "[a]n appellate court must review the trial court's findings of historical fact only for clear error, giving due weight to inferences drawn from those facts by the trial court. The trial court's legal conclusions, however, are afforded no deference[.]"Russell, supra. In State v. Cumberledge (Sept. 16, 1998), Lorain App. No. 97CA006959, unreported, this Court further noted:
 "When considering a motion to suppress, the trial court assumes the role of trier of fact and thus, stands in the best position to resolve issues of fact and witness credibility. Accordingly, we must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting such facts as true, this court must independently determine, as a matter of law, whether the facts meet the requisite legal standard."
Id., quoting Cuyahoga Falls v. Stephenson (June 18, 1997), Summit App. No. 18011, unreported.
The Fourth Amendment of the United States Constitution guarantees certain protections to the citizens of the United States:
 The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.
The Fourth Amendment to the United States Constitution. Section14, Article I of the Ohio Constitution, through almost identical language, provides these same protections to its people.
The tenets of the Fourth Amendment are not impenetrable. Certain "exceptions" to the warrant requirement have been carved out of the parameters of the Fourth Amendment. Nonetheless, reasonableness remains as the touchstone of Fourth Amendment jurisprudence. Ohio v. Robinette (1996), 519 U.S. 33, 39,136 L.Ed.2d 347, 354. Accordingly, a search conducted without a warrant supported by probable cause is per se unreasonable.Schneckloth v. Bustamonte (1973), 412 U.S. 218, 219,36 L.Ed.2d 854, 858.
In Payton v. New York (1980), 445 U.S. 573, 590,63 L.Ed.2d 641, 653, the United States Supreme Court held that absent exigent circumstances, warrantless arrests in the home are prohibited by the Fourth Amendment. Additionally, in Horton v. California
(1990), 496 U.S. 128, 136, 110 L.Ed.2d 112, 122, the Supreme Court pointed out that an officer's discovery of an object in plain view does not exempt the officer from complying with theFourth Amendment. The officer must have a "lawful right of access" to the discovered object. Id. at 137, 110 L.Ed.2d at 123. The burden is upon the party seeking to justify a nonconsensual search without a warrant to show that it was properly done. See McDonaldv. United States (1948), 335 U.S. 451, 456, 93 L.Ed. 153, 158.
In the instant case, Deputy Stupak was in a place he was legally permitted to be at the time he observed the alcohol and the juveniles in the residence. The officers were responding to a complaint of a loud party, and, upon their arrival, they noticed numerous vehicles in the driveway and Deputy Stupak heard voices at the rear of the residence. Based upon these facts, it was reasonable for Deputy Stupak to proceed onto the property for further investigation. When Deputy Stupak reached the rear of the property he observed through a window, in plain view, a case of what appeared to be beer. He noted that there were several empty bottles as well as several open bottles. He further noticed six to seven individuals seated at a table who appeared to be under the legal drinking age of twenty-one. Accordingly, at the time he observed the alcohol in plain view and the individuals at the table, Deputy Stupak had a legal right of access to the rear of the property. Thus, we next must consider whether the warrantless entry and seizure of evidence were permitted under theFourth Amendment.
One well-established exception to the warrant requirement is an entry or search based upon exigent circumstances. The exigent circumstances exception relies on the premise that the existence of an emergency situation, demanding urgent police action, may excuse the failure to procure a search warrant. See Welsh v.Wisconsin (1984), 466 U.S. 740, 750, 80 L.Ed.2d 732, 743. Under the exigent circumstances exception, a warrantless entry may be required to secure evidence that is in the process of being lost or destroyed. See Johnson v. United States (1948), 333 U.S. 10,15, 92 L.Ed. 436, 441; United States v. Sangineto-Miranda (C.A.6, 1988), 859 F.2d 1501, 1511; see, also, United States v. Morgan
(C.A.6, 1984), 743 F.2d 1158, 1161 ("Absent exigent circumstances, police officers may not enter an individual's home or lodging to effect a warrantless arrest or search."). Such warrantless entries and searches are presumptively unreasonable. See Payton,supra, at 586, 63 L.Ed.2d at 651. Therefore, the government bears the burden of demonstrating exigency. Welsh, supra, at 749-50, 80 L.Ed.2d at 743; see, also, Morgan, supra, at 1162. Accordingly, "a warrantless entry into the home * * * effected without an objectively reasonable basis for concluding that the destruction of evidence is imminent, does not pass constitutional muster." United States v. Radka (C.A.6, 1990), 904 F.2d 357, 361.
In Radka, the United States Sixth Circuit Court of Appeals set forth a two-prong test for determining the validity of a warrantless entry based upon the exigency of the imminent destruction of evidence:
 A warrantless entry to prevent the loss or destruction of evidence is justified, if the government demonstrates: (1) a reasonable belief that third parties are inside the dwelling; and (2) a reasonable belief that the loss or destruction of evidence is imminent. The mere possibility of loss or destruction of evidence is insufficient justification. Affirmative proof of the likelihood of the destruction of evidence, along with the necessity for warrantless entry are required.
(Citations omitted.) Id. at 362. The seriousness of the offense being investigated is another factor that must be considered in determining whether the exigency justified a warrantless entry.Welsh, supra, at 753, 80 L.Ed.2d at 745. In considering the officer's determination that exigent circumstances existed at the time necessitating a warrantless entry, this Court must consider "the totality of circumstances and the `"inherent necessities of the situation at the time."'" Radka, supra, at 361-62, quotingSangineto-Miranda, supra, at 1512, quoting United States v. Rubin
(C.A.3, 1973), 474 F.2d 262, 268.
After a thorough review of the record in the instant case, this Court concludes that at the time of the entry there existed exigent circumstances justifying Deputy Stupak's warrantless entry into Hamilton's residence and the seizure of the evidence. Deputy Stupak observed six or seven individuals in the residence prior to his entry. As such, he possessed actual knowledge, rather than a reasonable belief, that third parties were present in the home. Deputy Stupak had reasonable cause to believe that there was a likelihood of the imminent destruction of evidence. The record indicates that when Deputy Stupak initially knocked on the rear door he observed a young male approximately thirteen years of age peer through the window, and immediately thereafter he heard someone within the residence exclaim: "Oh my God, police." Deputy Stupak testified that at this time he observed the alcohol through the window and again knocked on the door, which resulted in Hamilton emerging from the home. Deputy Stupak also indicated that several of the beer bottles he observed were open. Based upon his observations, Deputy Stupak had reasonable grounds to believe that the offenses of underage possession and underage consumption of alcohol were being committed. Underage possession of alcohol is a first-degree misdemeanor punishable by a term of imprisonment up to six months and a fine of up to $1000. R.C.4301.99(C); R.C. 2929.21(B)(1). Based upon the number of individuals inside the home, the exclamation of one of the occupants, the seriousness of the offense involved, and Deputy Stupak's observation of easily disposable evidence, it was reasonable for Deputy Stupak to believe that if he did not take immediate action to preserve the evidence it would likely be destroyed. In considering the totality of the circumstances, Deputy Stupak acted reasonably in entering the home in order to preserve evidence. Accordingly, Hamilton's assignment of error is overruled.
 III.
Hamilton's assignment of error is overruled. The judgment of the Wadsworth Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Medina, Wadsworth Municipal Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
 FOR THE COURT
SLABY, J. CONCURS